UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 5:08-cr-228-JMH |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JESSE L. PARKER, | |
| Defendant. | |

\*\*\*

Defendant Jesse Parker, through counsel, has moved the Court to suspend the remainder of his term of supervised release. [DE 22]. The United States opposes Parker's motion. [DE 26]. After considering the relevant factors in 18 U.S.C. § 3553(a), Parker's motion to suspend or terminate the remainder of his term of supervised release [DE 22] is **DENIED**.

## I. Procedural and Factual Background

Previously, Parker was sentenced to a sixty-month term of imprisonment and an eight-year term of supervised release following his release from imprisonment after he pleaded guilty to possession with intent to distribute cocaine. [DE 20]. Parker claims that he began his term of supervised release on or around September 4, 2014. [DE 22]. As a result, Parker's term of supervised release will not be complete until September 2022.

Now, Parker asks the Court to suspend the remainder of his term of supervised release. In support of his motion, Parker states that he "has faithfully and diligently acted in full compliance with this Court's sentencing." [DE 22 at 1, Pg ID 39].

In order to ensure that the Court was sufficiently advised, the Court allowed the United States to respond and permitted Parker to reply within fourteen days of the response. [DE 25]. The United States responded in opposition. [DE 26]. Parker has not replied and the time to reply has expired. As a result, this matter is ripe for review.

## II. Analysis

18 U.S.C. § 3583(e) provides:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)-

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

To grant early termination of supervised release, "a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)).

The first § 3553(a) factor requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The United States correctly notes that Parker pleaded guilty to having over two kilograms of cocaine and over $100,000 in cash that represented proceeds from distribution of controlled substances. Additionally, and more concerning, the Defendant had a prior drug felony conviction. As such, Parker was convicted of serious drug crimes. Furthermore, supervised release is not employed by the Court as a solely punitive measure, but also attempts to rehabilitate defendants and reduce recidivism. As such, early termination of Parker's term of supervised release does not reflect the serious nature of the offense and would also increase the likelihood of recidivism. As a result, the first 3553(a) factor weighs against early termination of Parker's supervised release.

Second, the Court must consider is the need for the sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, Parker has only completed approximately four years and five months of his eight-year term of supervised release. While supervised release is not a strictly punitive measure, supervised release does constitute part of a defendant's total sentence. Ultimately, releasing Parker after completing a little over half of his term of supervised release would minimize the total sentence imposed by the Court in this matter and would fail

3

to deter future criminal conduct. As a result, the second factor weighs against early termination of supervised release.

Third, the Court must consider the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). As has been discussed, Parker pleaded guilty to possession with intent to distribute cocaine. Drug trafficking activity has affected communities across the United States. Every day, families across the country are negatively impacted by drug dependency and abuse. Additionally, various government institutions and agencies spend immense resources to counter the drug epidemic. Here, Parker has a previous drug felony conviction in addition to the underlying offense in this case. As a result, the court fears that early termination of supervised release in this case may result in recidivism and further drug trafficking activity. Ultimately, this Court takes drug crimes seriously and early termination of supervised release in this matter does not serve the purpose of protecting the public, weighing against early termination.

Fourth, the Court must consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Parker does not state any grounds for terminating his supervised release, other than the fact that he has complied with the conditions of release and wants the remainder of his term of supervised release to be terminated.

Still, the best way to reduce the chance of recidivism in this matter and ensure that Parker is receiving correctional treatment is to maintain the status quo. The United States Probation Office can ensure that Parker is complying with his conditions of supervised release and assist Parker in accessing resources that will ensure his rehabilitation. As a result, the fourth factor weighs against early termination of supervised release.

Fifth, and finally, this Court must consider the kinds of sentence and the sentencing range established for the offense committed, any pertinent policy statement, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(4)-(6). Here, Parker was sentenced to an enhanced eight-year term of supervised release based on his prior drug felony. [*See* DE 13 at 2, Pg ID 23]. Again, the term of supervised release imposed in this matter is intended to assist Parker by requiring periodic drug testing and substance abuse and mental health treatment. As such, continued supervised release is aimed at reducing the chance that Parker will commit future drug crimes for which he may be sentenced as a career offender. Ultimately, the term of supervised release in this matter is supported by the sentencing guidelines and the public policy considerations underlying the purpose of supervised release.

5

### III. Conclusion

In sum, the Court has considered the relevant factors under 18 U.S.C. 3553(a) and those factors weigh against early termination of Parker's supervised release. While it appears that Parker has been complying with the terms of supervised release, the interests of justice weigh in favor of continued supervised release. The term of supervised release imposed in this matter is intended to aid in the rehabilitation of the Defendant and reduce the chance of recidivism. Accordingly, **IT IS ORDERED** that Parker's motion for early termination of supervised release [DE 22] is **DENIED**.

This the 20th day of February, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge